# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| NOEL CHRISTOPHER HOWARD, )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>JAMES J. BOVY, )<br>      Defendant. ) | Cause No.: 2:12-CV-234-JTM-PRC |

## OPINION AND ORDER

This matter is before the Court on a "Notice to Ammend [*sic*] Releif [*sic*] Sum" [DE 47] and a "Memorandum of Law Paper of Rule Immposure [*sic*]" [DE 48], both filed by *pro se* Plaintiff Howard on June 16, 2014. Both of these filings where not initially docketed as motions, and, on July 24, 2014, the Court directed the Clerk of Court to docket both as motions and granted Defendant until August 8, 2014, to file his responses. Defendant filed a brief on August 5, 2014, responding to both motions. Plaintiff has not filed a reply brief, and the time to do so has passed. The Court considers each motion in turn.

## I. Motion for Leave to Amend Complaint

Plaintiff's first motion seeks leave to amend his Complaint to increase his requested damages from $3,500 to $5,700. The motion explains that, in January 2014, a lawyer, Michael Halpin,[1] called defense counsel and asked whether Defendant would settle for $3,000. Plaintiff reiterated this demand in his April 2014 deposition. However, he represents that he qualified this statement, explaining that "if I have to go out and hire a second criminal defense lawyer, then we will move to ammend [*sic*] releif [*sic*] sum." DE 47. He represents in his motion that Defendant has not attempted "to resolve this matter." *Id.* Plaintiff did not attach copy of the proposed amended

---

[1] No lawyer has ever entered an appearance on Plaintiff's behalf. However, in a February 20, 2014, preliminary pretrial conference, Plaintiff indicated that he was attempting to retain Attorney Michael Halpin.

Complaint as required by Northern District of Indiana Local Rule 15-1(a). N.D. Ind. L.R. 15-1.

Defendant objects that the claim for increased damages is unsupported because Plaintiff has not alleged that he has had to hire a second criminal defense attorney resulting in any increase in damages. He also contends, without citation to any authority, that the fee is not recoverable damages in this litigation. Defendant also objects that the motion is not timely since Plaintiff's Complaint was filed on June 14, 2012—more than two years ago—and discovery came to a close on August 29, 2014.

Leave to amend should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the Court has broad discretion to deny a request to amend where the proposed amendment would be futile, or where there has been undue delay or unfair prejudice to the defendants. *Johnson v. Cypress Hill*, 641 F.3d 867, 872 (7th Cir. 2011); *Hukic v. Aurora Loan Services*, 588 F.3d 420, 432 (7th Cir. 2009).

Permitting Plaintiff to amend his Complaint as requested would be futile. Under federal pleadings standards, a plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). To survive dismissal the plaintiff must state a claim for relief that is "plausible on its face." *Ray v. City of Chicago*, 629 F.3d 660, 662–63 (7th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotation marks and internal citations omitted).

Plaintiff's motion states that he told defense counsel in his deposition that he would amend

his request for relief if he had to hire a second criminal defense lawyer. Though he asks now to increase the amount of relief requested, he does not state that he in fact hired a second criminal defense attorney or that he in fact has incurred any costs as a result. More significantly, even if it were assumed that he did hire a second criminal defense attorney, he does not state why this is connected to this case or why Defendant might be liable for that sum. Plaintiff's Complaint makes no mention of a legal proceeding after his arrest, and it says nothing about Plaintiff hiring a *first* criminal defense attorney. Plaintiff does not give any reason why Defendant is liable for the additional $2,200 he now seeks, and the Court accordingly denies the motion contained within Plaintiff's Notice to Amend Relief Sum.

## II. Motion to Compel

Plaintiff's "Memorandum of Law Paper of Rule Immposure [*sic*]" asks the Court to compel Defendant to give Plaintiff any physical evidence or other materials he plans on using in court, a list of the people (presumably witnesses) he plans to bring to court, and a summary of what the testimony against him will be. Because this case involves a *pro se* litigant, discovery must be filed on the docket. N.D. Ind. L.R 26-2(a)(2)(A). To date, Defendant has filed his Federal Rule of Civil Procedure 26 initial disclosures and has served Plaintiff with a request for production of documents. Plaintiff has not filed any discovery requests or filed any responses to Defendant's request for production of documents.

Federal Rule of Civil Procedure 37 governs failures to cooperate in discovery. Specifically, it provides that motions to compel may be made if a party fails to respond to various types of discovery requests. Fed. R. Civ. P. 37(a)(3). Plaintiff has not shown that he ever served discovery requests on Defendant. Accordingly, he is not entitled to an order compelling a response.

Federal Rule of Civil Procedure 37(a)(5)(B) provides that, if a motion to compel is denied, the Court "must, after opportunity to be heard, require the movant . . . to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). The Rule provides two exceptions: (1) when the motion was substantially justified, and (2) when the "other circumstances make an award of expenses unjust." *Id.* This matter was not raised in Defendant's response, and the Court thus orders Plaintiff to file a Statement by September 19, 2014, explaining why the Court should not award Defendant his reasonable expenses and fees in bringing this motion under Rule 37(a)(5). Any response by Defendant must be filed by September 29, 2014.

### III. Conclusion

For these reasons, the Court **DENIES without prejudice** the motion contained within the "Notice to Ammend [*sic*] Releif [*sic*] Sum" [DE 47] and **DENIES** the "Memorandum of Law Paper of Rule Immposure [*sic*]" [DE 48]. The Court further **ORDERS** Plaintiff to file a Statement by **September 19, 2014**, explaining why the Court should not award Defendant his reasonable expenses and fees in bringing this motion under Rule 37(a)(5). Any response by Defendant must be filed by **September 29, 2014**.

SO ORDERED this 9th day of September, 2014.

    s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT

cc:    All counsel of record  
        Plaintiff, *pro se*