UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| NOEL CHRISTOPHER HOWARD, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 2:12 CV 234 |
|  | ) |  |
| JAMES J. BOVY, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

### OPINION AND ORDER

Before the court is defendant James Bovy's motion to set this matter for a one-day bench trial (DE # 59) and plaintiff Noel Christopher Howard's motion for a jury trial (DE # 60). The dispositive motion deadline in this case was November 12, 2014 (DE # 57), and neither party filed any dispositive motion before that deadline expired.

The parties now each seek a trial date: defendant requests a one-day bench trial and plaintiff requests a jury trial. FEDERAL RULE OF CIVIL PROCEDURE 38(b) states:

> (b) Demand. On any issue triable of right by a jury, a party may demand a jury trial by:
>
> > (1) serving the other parties with a written demand--which may be included in a pleading--no later than 14 days after the last pleading directed to the issue is served; and
> >
> > (2) filing the demand in accordance with Rule 5(d).

FED. R. CIV. P. 38(b). FEDERAL RULE OF CIVIL PROCEDURE 38(d) states, in part, that "[a] party waives a jury trial unless its demand is properly served and filed."

In this case, plaintiff has requested a jury trial. (DE # 60.) In response, defendant argues that plaintiff has waived his right to a jury trial because he did not timely file his

demand for a jury trial.* (DE # 62 at 1-2.) Plaintiff did not request a jury trial in his complaint. (DE # 1.) Additionally, defendant did not request a jury trial in his answer. (DE # 22.) Defendant's answer was the last pleading filed in this case, and it was filed on December 3, 2013. (*Id.*)

As the court noted earlier, FEDERAL RULE OF CIVIL PROCEDURE 38 requires that a party serve the opposing party with a demand for a jury trial "no later than 14 days after the last pleading directed to the issue is served[,]" and failure to do so results in the waiver of the right to a jury trial. FED. R. CIV. P. 58(b), (d). The Seventh Circuit has explained why RULE 38(b)'s deadline for demanding a jury trial is so strict:

> The reason that Rule 38(b) of the civil rules sets a tight deadline for demanding a jury trial is that preparation for a trial often depends critically on whether it will be a jury trial or a bench trial. Lay jurors have different levels of comprehension from professional judges and bring different cognitive and psychological biases to the task of determining which witnesses to believe and which inferences to draw from the evidence as a whole. Jury consultants, mock juries, and submission of questions for jury voir dire are illustrations of the preparations that lawyers make for jury trials but not for bench trials. Knowing which kind of trial it will be may also facilitate settlement by dispelling a material uncertainty, since some claims are known to be more appealing to juries than to judges, and vice versa.

*Olympia Exp., Inc. v. Linee Aeree Italiane, S.P.A.*, 509 F.3d 347, 351 (7th Cir. 2007).

In this case, plaintiff first served his demand for a jury trial (DE # 60) over a year after the last pleading in this case was served (DE # 22). Plaintiff, therefore, did not file a timely demand for a jury trial, and his motion for trial by jury (DE # 60) will be denied. FED. R. CIV. P. 58(b), (d); *see also Communications Maintenance, Inc. v. Motorola, Inc.*, 761

---

* Plaintiff has not responded to this argument, and the time to do so has passed.

F.2d 1202, 1207-08 (7th Cir 1985) ("Failure to file a timely [jury] demand results in waiver of the right.").

In sum, plaintiff's motion for a jury trial is **DENIED**. (DE # 60.) Additionally, defendant's motion to set this matter for a one-day bench trial is **GRANTED**. (DE # 59.) The parties are **ORDERED** to confer and create a list of acceptable dates for a one-day bench trial. After the parties have made a list of acceptable dates, one party or a representative for one party is directed to contact the court's Case Manager at (219) 852-3464 to discuss the agreed-upon dates and schedule this matter for trial. The parties are also **ORDERED** to confer regarding whether a settlement conference in this matter would be beneficial. The party or representative that calls the court's Case Manager with the list of agreed-upon dates is also directed to inform the Case Manager whether the parties believe that a settlement conference would be beneficial in this case.

**SO ORDERED.**

Date: February 9, 2015

s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT